IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG (CHARLOTTESVILLE) DIVISION

| | |
|---|---|
| UNIVERSITY OF VIRGINIA PATENT FOUNDATION <br><br> *Plaintiff,* <br><br> v. <br><br> HAMILTON COMPANY AND HAMILTON STORAGE TECHNOLOGIES, INC. <br><br> *Defendant.* | Case No. _____ |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff University of Virginia Patent Foundation files this Complaint for patent infringement against Defendants Hamilton Company and Hamilton Storage Technologies, Inc. (collectively "Hamilton").

**THE PARTIES**

1. Plaintiff University of Virginia Patent Foundation ("UVAPF") is a not-for-profit Virginia corporation having a principal place of business at 250 West Main St., Suite 300, Charlottesville, Virginia 22902.

2. Upon information and belief, Defendant Hamilton Company is a Nevada corporation with its principal place of business at 4970 Energy Way, Reno, NV 89502. Hamilton Company has appointed Todd Rader, 4970 Energy Way, Reno, NV 89502 as its agent for service of process.

3.  Upon information and belief, Defendant Hamilton Storage Technologies, Inc. ("Hamilton Storage") is a Nevada corporation with its principal place of business at 3 Forge Parkway, Franklin, MA 02038. Hamilton Storage is a subsidiary of Hamilton Company. Hamilton Storage has appointed Chris Jablonski, 103 South Street, Hopkinton, MA 01748 as its agent for service of process.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5.  Personal jurisdiction exists generally over each Defendant because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Virginia and within the Western District of Virginia. Personal jurisdiction also exists specifically over each Defendant for its conduct in selling and/or offering to sell, directly or through intermediaries, infringing products within the State of Virginia and within the Western District of Virginia.

6.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), because, upon information and belief, each Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including using, selling, offering for sale, providing service and support for their respective customers, and/or importing infringing products in and/or into this district.

## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT 6,688,123

7.  Paragraphs 1 through 6 are incorporated by reference as if fully stated herein.

8. United States Patent No. 6,688,123, titled "Automated Storage and Retrieval Apparatus for Freezers and Related Method Thereof" ("the '123 patent"), was duly and legally issued by the United States Patent and Trademark Office on February 10, 2004. A true and correct copy of the '123 patent is attached as Exhibit A.

9. UVAPF is the owner of all rights, title, and interest in and under the '123 Patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

10. The '123 patent is valid and enforceable.

11. Hamilton has infringed, and continues to infringe the '123 patent directly, literally and/or equivalently under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States without authority in the United States storage management systems that fall within the scope of one or more claims of the '123 patent.

12. As a direct and proximate result of Hamilton's acts of patent infringement, UVAPF has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

13. Hamilton has knowingly and willfully infringed the '123 patent. Hamilton has known of UVAPF's patents related to automated storage and retrieval since no later than January 31, 2007 through a sublicense, which was later terminated, for UVAPF patents including those claiming priority to (1) provisional patent application 60/227,166, filed on August 23, 2000 or (2) provisional patent application 60/299,597, filed on June 20, 2001. The '123 patent claims priority to provisional patent applications 60/227,166 and 60/299,597.

## COUNT II

### PATENT INFRINGEMENT OF U.S. PATENT 6,941,762

14. Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15. United States Patent No. 6,941,762, titled "Automated Storage and Retrieval Apparatus for Freezers and Related Method Thereof" ("the '762 patent"), was duly and legally issued by the United States Patent and Trademark Office on September 13, 2005. A true and correct copy of the '762 patent is attached as Exhibit B.

16. UVAPF is the owner of all rights, title, and interest in and under the '762 Patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

17. The '762 patent is valid and enforceable.

18. Hamilton has infringed, and continues to infringe the '762 patent directly, literally and/or equivalently under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States without authority in the United States storage management systems that fall within the scope of one or more claims of the '762 patent.

19. As a direct and proximate result of Hamilton's acts of patent infringement, UVAPF has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

20. Hamilton has knowingly and willfully infringed the '762 patent. Hamilton has known of UVAPF's patents related to automated storage and retrieval since no later than January 31, 2007 through a sublicense, which was later terminated, for UVAPF patents including those claiming priority to (1) provisional patent application 60/227,166, filed on August 23, 2000 or (2) provisional patent application 60/299,597, filed on June 20, 2001. The '762 patent claims priority to provisional patent applications 60/227,166 and 60/299,597.

**COUNT III**

## PATENT INFRINGEMENT OF U.S. PATENT 6,581,395

21. Paragraphs 1 through 20 are incorporated by reference as if fully stated herein.

22. United States Patent No. 6,581,395, titled "Automated Storage and Retrieval Apparatus for Freezers and Related Method Thereof" ("the '395 patent"), was duly nd legally issued by the United States Patent and Trademark Office on June 24, 2003. A true and correct copy of the '395 patent is attached as Exhibit C.

23. UVAPF is the owner of all rights, title, and interest in and under the '395 Patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

24. The '395 patent is valid and enforceable.

25. Hamilton has infringed, and continues to infringe the '395 patent directly, literally and/or equivalently under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States without authority in the United States storage management systems that fall within the scope of one or more claims of the '395 patent.

26. As a direct and proximate result of Hamilton's acts of patent infringement, UVAPF has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

27. Hamilton has knowingly and willfully infringed the '395 patent. Hamilton has known of UVAPF's patents related to automated storage and retrieval since no later than January 31, 2007 through a sublicense, which was later terminated, for UVAPF patents including those claiming priority to (1) provisional patent application 60/227,166, filed on August 23, 2000 or (2) provisional patent application 60/299,597, filed on June 20, 2001. The '395 patent claims priority to provisional patent applications 60/227,166 and 60/299,597.

## CONCLUSION

28. Unless Defendants are enjoined by this Court from continuing their patent infringements, Plaintiff will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

29. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

30. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

31. TAKE NOTICE that UVAPF reserves the right to further allege indirect infringement, contributory infringement, inducing infringement, and/or willful infringement, and amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

UVAPF respectfully requests that judgment be entered in its favor and against the Defendant and that the Court grant the following relief to UVAPF:

A. A judgment that Hamilton has infringed and continues to infringe each of the patents-in-suit as alleged herein;

B. A judgment that Hamilton's infringement has been willful;

C. A judgment against Hamilton awarding damages to UVAPF to which it is entitled for patent infringement;

      D.     A judgment that this is an exceptional case and that UVAPF be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

      F.     A judgment that UVAPF be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284; and

      F.     A permanent injunction against further and continued infringement of each of the patents-in-suit as alleged herein; and

      G.     A judgment awarding interest on UVAPF's damages and such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, UVAPF asserts its rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues.

Dated: August 27, 2013        Respectfully submitted,

                                  /s/ *C. Connor Crook*
                                  THE LAW OFFICE OF C. CONNOR CROOK
                                  C. Connor Crook, VSB #71599
                                  P.O. Box 1680
                                  Charlottesville, Virginia 22902
                                  (434) 964-6447 Telephone
                                  (866) 295-9271 Facsimile
                                  connor@connorcrooklaw.com

                                  SHORE CHAN DEPUMPO LLP
                                  Joseph F. DePumpo (*pro hac vice* application to be filed)
                                  Russell J. DePalma (*pro hac vice* to be filed)
                                  Ari Rafilson (*pro hac vice* to be filed)
                                  901 Main Street, Suite 3300
                                  Dallas, Texas 75202
                                  (214) 593-9110 Telephone
                                  (214) 593-9111 Facsimile

                                  **ATTORNEYS FOR PLAINTIFF, UNIVERSITY OF VIRGINIA PATENT FOUNDATION**