IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNIVERSITY OF VIRGINIA PATENT FOUNDATION,<br><br>                    *Plaintiff*,<br><br>v.<br><br>HAMILTON COMPANY, ET AL.,<br>                    *Defendants*. | CIVIL ACTION NO. 3:13-CV-00033<br><br>**MEMORANDUM OPINION**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

Defendant[1] filed a motion to stay the proceedings in this patent infringement case pending the conclusion of *inter partes* review ("IPR") of the patents-in-suit in the United States Patent and Trademark Office ("USPTO"). The matter has been fully briefed and argued. For the following reasons, I will grant the motion.

I.

This case concerns the development of automated technologies for storing biological materials at ultra-low temperatures. The goal of these automated technologies is to minimize the degradation of biological samples in ultra-low freezers. Research by a group led by Professors Robin Felder and Sean Graves at the University of Virginia's Medical Automation Research Center resulted in the patents-in-suit ("the Felder et al. patents"). Plaintiff accuses Defendant of infringing the Felder et al. patents, namely U.S. Patent Nos. 6,467,285 ("the '285 patent"); 6,581,395 ("the '395 patent"); 6,688,123 ("the '123 patent"); and 6,941,762 ("the '762 patent").

---

[1] Although the complaint and subsequent amended complaints name "Hamilton Company" and " Hamilton Storage Technologies, Inc.," the parties refer to "Hamilton" as a single defendant.

Each of these patents is entitled "Automated Storage and Retrieval Apparatus for Freezers and Related Methods Thereof," and is based on the same original patent disclosure.

Plaintiff filed its amended complaint on April 25, 2014. Thereafter, Defendant filed its motion to stay the proceedings pending the conclusion of IPR of the patents-in-suit in the USPTO. Defendant's IPR petitions claim that the Felder et al. patents should never have been issued. One petition has been filed for each Felder et al. patent, and each seeks to cancel the patent claims that Plaintiff has asserted against Defendant in this litigation.

## II.

The Leahy-Smith America Invents Act ("AIA")[2] provides for IPR proceedings in the USPTO to allow third parties, including defendants in patent litigation, to challenge whether a patent should have issued in the first place. *See* 35 U.S.C. § 311-319. Congress created IPR to shift the burden of reviewing the validity of a patent from the courts to the USPTO in order to utilize the USPTO's specialized expertise and reduce costly litigation. Under 35 U.S.C. § 311, a petitioner in an IPR proceeding may request to cancel one or more claims of a patent on the basis that the claim is not novel or would have been obvious in light of prior art patents and/or printed publications. Within three months of filing the IPR petition, the patent owner may file a preliminary response setting forth the reasons why it believes the USPTO should not institute IPR. *See* 35 U.S.C. § 313. The USPTO then has three months to decide whether the information presented in the petition, and any response thereto, satisfies the threshold for instituting IPR.

---

[2] The AIA was signed into law relatively recently, on September 16, 2011, and as the parties point out, it is an emerging area of patent law. *See* http://en.wikipedia.org/wiki/Leahy-Smith_America_Invents_Act (last accessed September 8, 2014).

*See* 35 U.S.C. § 314.

If the USPTO institutes IPR, it must issue a final determination as to the patentability of the claims within one year (or 18 months for good cause shown). *See* 35 U.S.C. § 316(11). During IPR, the parties may engage in discovery, including depositions, and have a right to an oral hearing. *See* 35 U.S.C. § 316(5), (10). The IPR petitioner (here, Defendant) is bound by the final decision of the USPTO, and is estopped from asserting invalidity in a civil action based on any ground that the petitioner raised or reasonably could have raised during IPR. *See* 35 U.S.C. § 315.

When an IPR petition is filed by a party other than a patent owner or real party in interest, "the AIA does not contain a mandatory provision requiring a stay of the district court patent infringement proceedings." *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd.*, 983 F. Supp. 2d 713, 753 (E.D. Va. January 8, 2014) (citations omitted). "[I]n such a scenario," "the decision of whether to stay the district court proceedings in such a scenario is left to the district court's discretion . . . if the district court knows about the IPR proceeding." *Id.* (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.")).

"'Whether to grant a stay pending the PTO's review of a patent involved in the lawsuit is within the court's discretion.'" *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991, at *1–2 (N.D. Cal. April 28, 2014) (granting motion to stay patent infringement suit involving non-practicing entity pending IPR) (quoting *Pi–Net International, Inc. v. Focus Business Bank*, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013). In determining whether to issue a stay, courts normally consider the following non-exclusive factors: (1) whether a stay

-3-

Case 3:13-cv-00033-NKM-RSB   Document 70   Filed 09/25/14   Page 3 of 6   Pageid#: 1274

will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. *See*, *e.g.*, *E-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, at *2 (S.D. Tex. Sep. 26, 2013); *Brixham Solutions*, *supra*, 2014 WL 1677991, at *2.

### III.

Here, granting a stay pending IPR may simplify, or even eliminate, many issues before the court, whereas denying the stay may result in duplicative efforts in two venues. Moreover, this case is in a fairly early stage of litigation, Plaintiff having only recently filed its second amended complaint, with relatively minimal discovery to date, and no trial date yet set.[3] *See*, *e.g.*, *E-Watch, supra*, 2013 WL 5425298, at *2 (granting stay prior to USPTO's determination on IPR petition, explaining that, "[i]f the USPTO declines the petitions for IPR, the stay will quickly be lifted resulting in little delay. However, if the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and the court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit."); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522 (N.D. Cal. Sep. 17, 2013) (granting stay prior to USPTO's determination on

---

[3] A claim construction hearing was set for October 30, 2014, but it was canceled pending the outcome of the instant motion. Although Plaintiff asserts that granting a stay provides Defendant the tactical advantage of "two bites at the apple," granting a stay does not provide a tactical advantage to Defendant on claim construction. The court will be required to construe the claims, if any survive IPR, in light of the legal standard set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005), which involves an assessment of the entire record before the USPTO. This legal standard for claim construction in court proceedings does not change because an IPR petition was filed and it does not change if the stay is granted. If IPR is instituted, Defendant is estopped from challenging the validity of those claims in this court on any grounds that it raised or reasonably could have raised in the IPR. *See* 35 U.S.C. § 315.

-4-

IPR petition); *Pride Mobility Prods. Corp. v. Permobil, Inc.*, 2013 WL 8445809 (E.D. Pa. Aug. 14, 2013) (same); *SSW Holding Co. v. Schott Gemtron Corp.*, 2013 WL 4500091, at *3 (W.D. Ky. Aug. 19, 2013) (same); *Star Envirotech, Inc. v. Redline Detection, LLC*, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) (same); *Capriola Corp. v. LaRose Indus., LLC*, 2013 WL 1868344, at *2 (M.D. Fla. Mar. 11, 2013) (same).

Plaintiff does not sell or license products under the asserted patents. It can only seek monetary relief for infringement, and its damages can be accounted after the conclusion of the IPR. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1339–41 (Fed. Cir. 2012) (non-competitors can be restored with monetary relief). Many courts have been clear that such non-practicing entities cannot show the type of prejudice that would weigh in favor of denying a stay. *See*, *e.g.*, *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ("as a non-practicing entity, BSL cannot demonstrate any irreparable harm that might result from a stay"); *Evolutionary Intelligence LLC v. Sprint Nextel Corporation Inc.*, 2014 WL 819277, at *5 (N.D. Cal. February 28, 2014) ("because Evolutionary Intelligence and Sprint are not competitors (Evolutionary Intelligence does not market any products or services practicing the patents-in-suit), Evolutionary Intelligence does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the status quo ante with monetary relief"); *Software Rights Archive*, 2013 WL 5225522 at *6 (same); *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451 at *8 (N.D. Cal. Dec. 18, 2013) ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (citations omitted)).

Plaintiff will not suffer undue prejudice or tactical disadvantage from a stay because it can be fully compensated if necessary with money damages, the stay will be relatively short and for

a definite amount of time, and Defendant acted diligently in filing its IPR petitions and moving for the stay.

## IV.

For the reasons stated above, a stay pending the outcome of the IPR is appropriate. If the USPTO declines to institute an IPR proceeding, little time is lost by the stay, given that the USPTO must issue its decision before the end of this year.

An appropriate order accompanies this memorandum opinion.

Entered this ___25th___ day of September, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE